IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TERICA FAYE JOHNSON            )
                               )
v.                             )    No. 3:06-0098
                               )    Judge Nixon/Bryant
JO ANNE B. BARNHART, Commissioner )
of Social Security             )

To:  The Honorable John T. Nixon, Senior Judge

## REPORT AND RECOMMENDATION

This civil action was filed pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), as well as the mandamus statute, 28 U.S.C. § 1361. (Docket Entry No. 1 at ¶ 1). The only claim presented in the complaint is for redress of an alleged violation of plaintiff's due process rights secured by the Constitution and/or 42 U.S.C. § 405(b).[1] The relief requested in the complaint, other than general relief, is that the actions of the Commissioner be declared in violation of plaintiff's rights; that the case be remanded to the agency with instructions to grant a full merits hearing before a new administrative law judge ("ALJ"); and that attorneys' fees be

---

[1] Section 405(b) mandates that the Commissioner give the disability claimant "reasonable notice and opportunity for a hearing" with respect to any decision "which involves a determination of disability and which is in whole or in part unfavorable" to the claimant. However, § 405(b) does not provide the procedural requirements applicable to cases, such as the one at bar, where Supplemental Security Income benefits are claimed under Title XVI of the Act. Rather, 42 U.S.C. § 1383(c)(1)(A) provides the aforementioned procedural protections to such claimants.

1

awarded pursuant to 28 U.S.C. § 2412.

After securing two extensions of time in which to answer plaintiff's complaint, defendant filed a Fed.R.Civ.P. 12(b)(1) motion to dismiss in lieu of an answer on July 6, 2006 (Docket Entry No. 17), arguing that the Court lacks subject matter jurisdiction over this action due to plaintiff's failure to exhaust her administrative remedies. After plaintiff's response to this motion was timely filed, the case was transferred to the docket of the undersigned by order entered September 20, 2006 (Docket Entry No. 23).

As explained below, upon consideration of the arguments of counsel and relevant authorities, the Magistrate Judge recommends that the motion to dismiss be DENIED; that the decision of the Commissioner denying plaintiff's request for a hearing be REVERSED; and that the cause be REMANDED to the Commissioner for a hearing on the merits of plaintiff's disability claim before a different Administrative Law Judge.

## I. Background

"A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of

2

proving that jurisdiction exists." DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004). While plaintiff argues that the Commissioner's motion raises both a facial and a factual attack on the Court's jurisdiction, the undersigned finds no factual disputes which the Court has been called upon to resolve. The evidence incorporated by plaintiff's complaint is not contradicted by the declaration and other exhibits attached to defendant's memorandum. At the heart of this matter is a claim of ineffectual notice of the Commissioner's reconsidered decision on plaintiff's claim to benefits, allegedly in violation of plaintiff's right to procedural due process under the Fourteenth Amendment to the U.S. Constitution.[2] Defendant's proof supports the proposition that a correctly addressed copy of this decision was placed in the mail, while plaintiff's proof supports the proposition that neither addressee ever received a copy of the decision. As explained in detail below, either a colorable constitutional claim exists (in which case plaintiff's *conceded* failure to exhaust administrative remedies is of no moment under the authorities construing the Act's grant of jurisdiction) or it does not (in which case the Act precludes judicial review). Accepting the factual allegations of plaintiff's complaint as true does no harm to the Commissioner's proof and argument that

---

[2]In fact, the right in question is secured against federal governmental intrusion by the Fifth Amendment to the Constitution.

3

she issued the appropriate notice by placing it in the mail, and that no more was required of her. Finding no material factual dispute to be resolved on this motion, the undersigned concludes that defendant has in fact mounted a facial challenge to subject matter jurisdiction in this case, <u>Moeckel v. Caremark RX, Inc.</u>, 385 F.Supp.2d 668, 673 (M.D. Tenn. 2005), and therefore takes as true the following allegations of plaintiff's complaint:

> 4. Plaintiff filed a claim for Supplemental Security Income ("SSI") payments, which was denied by the Social Security Administration ("SSA") on May 2, 2002. Plaintiff then retained the undersigned attorney and filed a "Request for Reconsideration" with the SSA on June 18, 2002. In August of 2002, the undersigned attorney for the Plaintiff sent certain medical records to the Murfreesboro Social Security office. Thereafter, the undersigned attorney for the Plaintiff instructed his secretary, Rebecca Lashbrook, to call the Murfreesboro Social Security office approximately every three months to check on the status of the Plaintiff's case. Ms. Lashbrook did so, and was consistently informed that the Plaintiff's case was still pending, until June of 2005, when she was informed by "Rick" at the Social Security office that there was no record that Ms. Johnson's "Request for Reconsideration" had ever been filed.
>
> 5. Responding to "Rick's" assertion, the undersigned counsel for the Plaintiff sent *another* copy of the "Request for Reconsideration" to the Social Security office on June 30, 2005, only to be informed by the SSA that the "Request for Reconsideration" had been denied on September 3, 2002. A copy of this denial was received in Plaintiff's attorney's office on July 12, 2005. This was the first copy of this document, and first notice of any kind, that the Plaintiff or her attorney ever received regarding the denial of her "Request for Reconsideration."
>
> 6. On September 12, 2005, the Plaintiff filed a request for a hearing before the administrative law judge, with supporting affidavits regarding the lack of

4

>     timely notice of the denial of reconsideration. The
>     request for hearing was summarily dismissed by
>     administrative law judge William F. Taylor on September
>     22, 2005. The administrative law judge found "no good
>     cause" to extend the 60-day deadline (from September 3,
>     2002) to file the request for hearing. Plaintiff then
>     filed a "Request for Review of Hearing Decision" with
>     the SSA Office of Hearings and Appeals, which was
>     denied on November 25, 2005.

(Docket Entry No. 1 at 1-2).

In support of her motion, the Commissioner has produced the declaration of her "Court Case Preparation and Review" officer, who declares that plaintiff's official agency file shows the issuance on September 3, 2002, of a reconsideration determination denying plaintiff's SSI claim, with copies thereof and advice of appeal rights mailed to both plaintiff and her counsel at the appropriate addresses. (Docket Entry No. 18-2 at ¶ 3(a)). The Commissioner has further provided a copy of the ALJ's decision on plaintiff's late-filed request for a hearing (Docket Entry No. 18-2 at 11-12), which was also attached to plaintiff's complaint (Docket Entry No. 1, Exh. E).

## II. Discussion

As alluded to above, the basis for defendant's motion to dismiss is plaintiff's failure to exhaust her administrative remedies by timely filing a request for hearing, as required by the Act when a claimant is aggrieved by the reconsideration denial of her claim. Plaintiff concedes that she failed to

5

exhaust her administrative remedies, but states that this failure was not due to her own neglect but rather the misleading communications received from the local Social Security office. As explained below, subject matter jurisdiction exists, and plaintiff is entitled to relief under <u>McKentry v. Sec'y of Health & Human Servs.</u>, 655 F.2d 721 (6th Cir. 1981).

<u>Jurisdiction</u>

Section 205(g) of the Act, entitled "Judicial review," provides that

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. ...

42 U.S.C. § 405(g).[3] As this statutory subsection makes clear, judicial review is only available over final decisions made after a hearing.[4] The decision in this case to deny plaintiff's late-filed request for a hearing is not a "final" decision, since that

---

[3] This provision is applicable to the SSI program to which plaintiff has applied, pursuant to 42 U.S.C. § 1383(c)(3).

[4] The Commissioner further argues for the availability of federal jurisdiction solely under § 405(g) by quoting § 405(h), which precludes jurisdiction under 28 U.S.C. §§ 1331 and 1346 for purposes of attacking the findings or decision of the Commissioner "on any claim arising under this subchapter." However, it does not appear that § 405(h) was incorporated into the provisions of § 1383, pertaining to SSI claims. <u>Maher v. Mathews</u>, 402 F.Supp. 1165, 1172 n.29 (D. Del. 1975). Nevertheless, the undersigned concludes that the SSI statute's incorporation of § 405(g) -- and its terms limiting the availability of judicial review -- speaks for itself.

6

term refers to the substantive decision on the underlying benefits claim, <u>Califano v. Sanders</u>, 430 U.S. 99, 107-08 (1977), nor was it made or required to be made after a hearing. The reconsideration determination, reaffirmed in the ALJ's ruling on plaintiff's hearing request (Docket Entry No. 18-2 at 5-6, 12), is the Commissioner's final decision on the merits of plaintiff's underlying claim to benefits, but is not subject to judicial review under the Act because of plaintiff's failure to exhaust administrative remedies.

However, the decision as to whether good cause justifies an extension of the 60-day limitations period for filing a hearing request, while not otherwise "final" and reviewable, 20 C.F.R. § 416.1403(a)(8), **is** subject to judicial review if it implicates constitutional concerns.[5] See <u>Califano</u>

---

[5]After devoting the bulk of her brief to arguing plaintiff's failure to comply with the exhaustion requirement, the Commissioner recognizes this exception for colorable constitutional claims (Docket Entry No. 18 at 8), concluding her brief with a one-paragraph argument that plaintiff has not made such a claim. While the Commissioner merely argues (unpersuasively) that the claim is not colorable because her notice obligations were fulfilled, the undersigned would note that the extent to which SSI *applicants* are possessed of a protected property interest in the adjudication of their eligibility for such benefits -- and thus the extent to which the alleged deprivation must comport with the Due Process Clause -- appears to be an open question. It is clear that *recipients* of SSI benefits are entitled to procedural due process in the *termination* of those benefits. <u>Tatum v. Mathews</u>, 541 F.2d 161, 164-65 (6th Cir. 1976). It is likewise clear that recipients of social security Disability Insurance Benefits ("DIB") are entitled to procedural due process in the termination of their benefits. <u>Mathews v. Eldridge</u>, 424 U.S. 319, 332 (1976). Even applicants for DIB are *presumed* to be entitled to effective notice and an opportunity to be heard before their applications may be denied, based in part on the notion that "the 'right' to [DIB] is in one sense 'earned.'" <u>Richardson v. Perales</u>, 402 U.S. 389, 401-02 (1971); <u>Flatford v. Chater</u>, 93 F.3d 1296, 1303-05 (6th Cir. 1996). This notion does not apply to benefits under the SSI program, which is a federally funded social welfare program administered by the Social Security Administration; accordingly, the existence of a protected property interest in an application for SSI benefits

7

v. Sanders, 430 U.S. at 109; Hilmes v. Sec'y of Health & Human Servs., 983 F.2d 67, 70 (6th Cir. 1993)(citing Penner v. Schweiker, 701 F.2d 256, 260 (3d Cir. 1983)).  Such a decision giving rise to a colorable constitutional claim is excepted from the finality and hearing requirements of § 405(g), inasmuch as "'[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions.'" Hilmes, supra (quoting Sanders, 430 U.S. at 109).  Here, such access to the courts is required in light of plaintiff's complaint that the Commissioner's decision was in violation of the Due Process Clause and § 405(b), the "statutory provision designed to implement it," Heckler v. Campbell, 461 U.S. 458, 469 (1983).  See Penner, 701 F.2d at 260-61 (finding claimant's allegation in brief "that he had been denied due process of law

---

might not be properly presumed.  Cf. Hamby v. Neel, 368 F.3d 549, 564-66 (6th Cir. 2004)(Batchelder, J., dissenting).  The Supreme Court has "never held that applicants for benefits, as distinct from those already receiving them, have a legitimate claim of entitlement protected by the Due Process Clause of the Fifth or Fourteenth Amendment," Lyng v. Payne, 476 U.S. 926, 942 (1986)(citing Walters v. Nat'l Assn. of Radiation Survivors, 473 U.S. 305, 320 n.8 (1985)), despite the opportunity to do so in cases involving welfare benefits, where certiorari has been denied over the dissenting votes of Justices interested in resolving this lynchpin issue.  Peer v. Griffeth, 445 U.S. 970 (1980)(Rehnquist, J., dissenting from denial of certiorari); Gregory v. Town of Pittsfield, 470 U.S. 1018 (1985)(O'Connor, Brennan, and Marshall, JJ., dissenting from denial of certiorari).
    Nonetheless, in the case at bar, the arguable existence of a protected property interest makes clear that the constitutional claim is at least colorable, whether or not it would ultimately be found meritorious.  See Plaintiff's argument in accord, Docket Entry No. 22 at 2.  As jurisdiction is therefore proper, and in light of controlling authority (discussed below) which squarely controls disposition of the issue presented here, further discussion of the merits of plaintiff's due process claim is unnecessary.

8

by not receiving effective notice of the Secretary's reconsideration determination ... sufficient to confer jurisdiction on the district courts to review the Secretary's denial of Mr. Penner's request for a hearing."); Banks v. Chater, 949 F.Supp. 264, 268 (D. N.J. 1996)(noting that colorable constitutional claim exists "where a plaintiff asserts that he did not respond on time because he never received notice from the SSA.").

Thus, despite plaintiff's inability to obtain a hearing and complete the administrative review process as it pertains to her underlying disability claim, this Court's subject matter jurisdiction lies under § 405(g)[6] with respect to the Commissioner's decision to disallow her late-filed request for a hearing, allegedly in violation of her constitutional and statutory right to effective notice. See Bacon v. Sullivan, 969 F.2d 1517, 1521 (3d Cir. 1992). Because the undersigned finds that plaintiff has presented a colorable constitutional claim which confers jurisdiction under the Social Security Act and the Sanders exception to that statute's jurisdictional limitations, the argument for mandamus jurisdiction will not be considered. See Heckler v. Ringer, 466 U.S. 602, 616-17 (1984)(mandamus jurisdiction, if available at all in social security cases, is

---

[6]Alternatively, the Court's subject matter jurisdiction over plaintiff's constitutional claim exists outside the scope of the Act, "regardless of whether jurisdiction exist[s] under 42 U.S.C. § 405(g)." Harper v. Sec'y of Health & Human Servs., 978 F.2d 260, 262-63 (6th Cir. 1992).

only available if plaintiff has no adequate remedy under § 405(g) or otherwise, and only if defendant owes plaintiff a clear nondiscretionary duty).

## The Merits

Although not cited by either party, a published decision of the Sixth Circuit Court of Appeals, McKentry v. Sec'y of Health & Human Servs., 655 F.2d 721 (6th Cir. 1981), squarely controls this Court's review of the Commissioner's decision in this case. Nearly indistinguishable from the case at bar in all material respects, McKentry presented the following facts: on March 15, 1977, the claimant's attorney requested reconsideration of the initial denial of benefits; some 21 months later, on December 14, 1978, the claimant's attorney wrote a letter to the agency stating that neither he nor his client had ever received notice of a reconsideration decision, and requesting a hearing under the assumption that a reconsideration denial had been issued without his or his client's knowledge; both the claimant and her attorney filed statements under oath that they never received a copy of any notice of reconsideration; without conducting a hearing, the ALJ rejected these affidavits, cited a file copy of a "Notice of Reconsideration" dated August 29, 1977, and apparently relied on the presumption of delivery of regular mail in finding as a matter of fact that the claimant had been notified of the reconsideration decision and the fact that any

10

request for a hearing had to be filed within 60 days of the issuance of the notice; the Appeals Council agreed with this decision. Id. at 722-23.

In reversing the district court's affirmation of the administrative decision, the Sixth Circuit noted that the date from which the 60-day limitations period for requesting a hearing runs is the date upon which the claimant <u>receives</u> the notice of reconsideration, not the date upon which that notice is mailed as both the agency and the district court had found. Id. The regulation which the Sixth Circuit relied upon, now codified at 20 C.F.R. § 416.1433(b), plainly provides as much. The Court went on to quote the regulation which governs agency consideration of whether good cause exists for missing the deadline to request a hearing. Id. at 723-24. That regulatory language is not significantly changed in the current codification, 20 C.F.R. § 416.1411,[7] which provides in pertinent part as follows:

> (a) In determining whether you have shown that you have good cause for missing a deadline to request review we consider--
> (1) What circumstances kept you from making the request on time;
> (2) Whether our action misled you;
> ...
>
> (b) Examples of circumstances where good cause may

---

[7]This regulation is contained in the series of regulations dealing with requests for reconsideration, but its provisions are applicable to the good cause determination upon review of a request for hearing, pursuant to 20 C.F.R. § 416.1433(c).

11

exist include, but are not limited to, the following
situations:
     . . .

     (7) You did not receive notice of the
[reconsideration] determination or decision.

The McKentry Court held that the presence in the claimant's file of a dated copy of the notice of reconsideration was not proof of its mailing. 655 F.2d at 724. The Court went on to note the remedial nature of the Social Security Act and the resulting requirement that it be construed liberally. Id. It then found that the presumption of delivery of mail was inappropriately relied upon in that case, since (1) there was no evidence in the record establishing that a copy was mailed to the claimant; (2) the presumption, if it did arise, is rebuttable; and (3) the claimant's uncontradicted proof shows that she did not receive the notice. Id. The Court concluded by "tak[ing] judicial notice of the substantial number of cases on its docket involving thefts of letters from the Social Security Administration to claimants," and directed that the case be "remanded to the district court with directions to enter an appropriate order requiring the [Commissioner] to grant a hearing to appellant and dispose of the claim on its merits." Id.

In a very recent unpublished opinion involving substantially the same procedural history, Hobt v. Comm'r of Soc. Sec., 175 Fed. Appx. 709, 2006 WL 988282 (6th Cir. April 11, 2006), the Sixth Circuit made quick work of the agency's decision

12

that good cause excusing a late-filed hearing request did not exist, stating that

> The outcome in this case is squarely controlled by this Court's decision in *McKentry*[.] ... The ALJ's use of a presumption of receipt with[in] 5 days of the alleged date of mailing was contrary to the case law of this Circuit. As this Court explained in *McKentry*, a presumption of receipt is inappropriate where there is no evidence that the notice was ever mailed. Additionally, the *McKentry* court expressly held that a dated copy of the notice in a claimant's file was not proof [of] mailing. Even if such a presumption were appropriate, however, it was effectively rebutted by claimant's uncontradicted statement that he did not receive notice of the denial until December 2, 2003.

Id. at 710-11. The Sixth Circuit ordered that the matter be remanded to the Commissioner "for a hearing on the merits of Plaintiff's claim for benefits." Id. at 711.

In the case at bar, as in McKentry and Hobt, plaintiff's proof of non-receipt is uncontradicted. The record contains no return receipt or other proof that the September 3, 2002 notice of reconsideration was in fact delivered to plaintiff and/or her attorney; the "date stamped copy of the timely sent denial" lauded by the Commissioner (Docket Entry No. 18 at 9) is insufficient in this Circuit to prove mailing, much less receipt. Accordingly, even if a presumption of delivery were raised by the declaration of the Commissioner's delegate, establishing that plaintiff's official file shows that copies of the notice were mailed to the correct addresses, that presumption was effectively rebutted under the law of this Circuit by the uncontradicted

13

affidavit testimony of plaintiff and her attorney. While the ALJ perceived the efforts of plaintiff's attorney and his paralegal to monitor the status of her request for reconsideration to be less than diligent and inconsistent with the ethical duty of zealous representation (Docket Entry No. 18-2 at 12), his focus on these perceptions -- to the relative exclusion of uncontradicted evidence that (1) the delay in ascertaining the status of plaintiff's case was at least in part the result of the misleading actions of a social security employee, and (2) the notices were never in fact received, 20 C.F.R. § 416.1411(a)(2), (b)(7) -- was error.

The proof before the ALJ, as well as the allegations of plaintiff's complaint, established that plaintiff's attorney received notice of the denial of plaintiff's request for reconsideration on July 12, 2005. Sixty days from that date was September 10, 2005. Since September 10, 2005 fell on a Saturday, plaintiff's request for hearing was due on the next workday, Monday, September 12, 2005. 20 C.F.R. § 416.120(d). By the skin of his teeth, counsel timely filed his client's request for hearing on September 12, 2005. Accordingly, the Commissioner's dismissal of plaintiff's benefits application was in error.

As plaintiff conceived of her case, the issue before this Court was a matter of constitutional law requiring fact discovery and perhaps ultimately a trial to resolve. (Docket

14

Entry No. 22 at 4-5).  However, in light of the Sixth Circuit decisions cited above, the undersigned concludes that the appropriate remedy is remand to the Commissioner for further proceedings on plaintiff's disability application.

### III.  Recommendation

In light of the foregoing, the Magistrate Judge recommends that the Commissioner's motion to dismiss be DENIED; that the decision of the Commissioner denying plaintiff's request for a hearing be REVERSED; and that the cause be REMANDED to the Commissioner for a hearing on the merits of plaintiff's disability claim before a different Administrative Law Judge.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court.  Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

15

**ENTERED** this 30th day of October, 2006.

                                             s/ John S. Bryant
                                            JOHN S. BRYANT
                                            UNITED STATES MAGISTRATE JUDGE