IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **TERICA FAYE JOHNSON,** | ) |
| **Plaintiff,** | ) Case No. 3:06-0098 |
| | ) Judge Nixon |
| v. | ) Magistrate Judge Bryant |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner of Social Security,** | ) |
| **Defendant.** | ) |

ORDER

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint ("Motion") (Doc. No. 17), filed with an accompanying brief in support (Doc. No. 18), to which Plaintiff has filed a Response and accompanying memorandum of law in opposition (Doc. Nos. 21, 22). Magistrate Judge Bryant has issued a Report and Recommendation (Doc. No. 24) that Defendant's Motion be denied, that the decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's request for a hearing be reversed, and that the case be remanded to the Commissioner for a hearing on the merits of Plaintiff's disability claims before a different Administrative Law Judge ("ALJ").

Defendant moves the Court to dismiss Plaintiff's Complaint (Doc. No. 1), seeking judicial review of the denial of a claim for benefits under Title XVI of the Social Security Act ("Act"), for lack of subject matter jurisdiction over this action. Defendant bases her lack of jurisdiction claim on Plaintiff's failure to exhaust her administrative remedies by timely filing a request for a hearing, as required by the Act, when a claimant is aggrieved by the reconsidered denial of her claim. While Plaintiff concedes that she failed to exhaust her administrative remedies, Plaintiff likewise argues that this failure was not due to her own neglect, but rather to the misleading

communications she and her counsel received from the local Social Security office. Accordingly, Plaintiff opposes Defendant's Motion because subject matter jurisdiction exists in the instant action. Additionally, Plaintiff moves the Court to reverse the final decision of the Commissioner because the Commissioner's ineffectual notice of her reconsidered decision on Plaintiff's claim to benefits violates Plaintiff's right to procedural due process under the Fourteenth Amendment to the U.S. Constitution ("Constitution")[1] and 42 U.S.C. § 405(b). Plaintiff further seeks remand to the Social Security Administration ("Administration") with instructions to grant a full merits hearing before a new ALJ.

After review, the Court adopts the analysis and recommendations contained in Magistrate Judge Bryant's Report and Recommendation and thereby (1) **DENIES** Defendant's Motion to Dismiss; (2) **REVERSES** the decision of the Commissioner; and (3) **REMANDS** the above-styled case to the Commissioner for a hearing on the merits of Plaintiff's disability claims before a different ALJ. This Order terminates this Court's jurisdiction over the above-styled action, and the case is **DISMISSED**.

It is so ORDERED.

Entered this the ___6th___ day of December, 2006.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] Plaintiff's right to procedural due process is in fact secured by the Fifth Amendment to the Constitution.